IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES E. RANKIN,<br>Plaintiff<br><br>v.<br><br><br>PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO.<br>5:21-cv-499 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Prudential Insurance Company of America wrongfully denied Charles Rankin's claim for long-term disability .

### I. PARTIES

1.  Plaintiff Charles Rankin is a resident of San Antonio, Bexar County, Texas.

2.  Defendant Prudential is an insurance company licensed to do business in Texas and can be served with citation by serving its agent for service of legal process CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas. 75201-3136.

### II. JURISDICTION AND VENUE

3.  This lawsuit is a claim for disability benefits provided by an ERISA welfare benefit plan brought under 29 U.S.C. §1132(a)(1)(B). This court has

1

jurisdiction over this claim for disability benefits under 29 U.S.C. §1132(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"). Venue is proper in the Western District of Texas, San Antonio Division, in accordance with 29 U.S.C. 1132(e)(2) as the disability benefit payment obligations under the plan are to Rankin at his home in San Antonio, Texas.

### III.  STATEMENT OF FACTS

4. Prior to becoming disabled, Charles Rankin worked for Occidental Petroleum Corporation as an offshore operator.[1] His work was classified as medium-to-heavy physical work, done in close quarters with other employees, and required him to fly in a helicopter to an oil rig with approximately seventeen (17) other employees.

5. Prior to becoming disabled, Rankin suffered from a permanent respiratory illness, phrenic nerve palsy. The phrenic nerve controls the diaphragm, the major muscle that allows us to breathe. Phrenic nerve palsy, also known as phrenic nerve paralysis, causes breathing difficulty. Patients with severe cases of phrenic nerve palsy can't breathe on their own. Rankin's phrenic nerve palsy was discovered in 2007. He has suffered from shortness of breath since then. Due to phrenic nerve palsy, he has only one usable lung.

6. In April of 2020, the COVID-19 pandemic was beginning to take hold in the United States, causing suffering and early death in many patients who

---

[1] Prior to working for Occidental, Rankin worked for Andarko Petroleum. Andarko was purchased by Occidental in the summer of 2019.

caught the virus. The elderly and sick, especially those with respiratory conditions, are at extreme risk of severe illness or death if they catch COVID-19.

7. In April, 2020, due to his illness of phrenic nerve palsy, the COVID-19 pandemic, and his job requirements-traveling to the oil rig in a helicopter in close quarters with others and working in close quarters with others-Rankin's family physician Clifford Alprin ordered him to stop working and to isolate himself.

8. In addition to traveling and working in close quarters, Occidental employees were required to wear masks while traveling to the rig and also while working on the platform. Rankin was unable to meet this essential job requirement because he was unable to take in sufficient oxygen while wearing a mask. Wearing a mask caused him to gasp for air. His oxygen levels dropped below 90% when he wore a mask.

9. By virtue of his employment, Rankin had short and long-term disability coverage. His short-term disability benefits were administered by Unum Life Insurance Company of America, Andarko's disability carrier. His long-term benefits transitioned to Defendant Prudential because his employer, Andarko, was purchased by Occidental, and Occidental's group disability policy was with Prudential. Rankin's short-term disability coverage paid benefits for a maximum period of 180 days. Those who remain disabled after 180 days are transitioned to long-term disability benefits. As a condition of receiving LTD benefits, the

insured is required to provide evidence that he or she was disabled during the elimination period of 180 days.

10. The policy's definition of disability for long-term disability benefits is that the insured is unable to perform the material and substantial duties of his or her occupation due to sickness or injury.

11. Unum approved Rankin's short-term disability claim. He was paid disability benefits by Unum for the maximum period, from April 16, 2020 until October 15, 2020. This period was also Rankin's elimination period for LTD benefits.

12. Despite Unum's approval, and Rankin's phrenic nerve palsy and his worsening obstructive pulmonary disease, Prudential denied Rankin's claim for LTD benefits. Prudential contended that Rankin had provided insufficient evidence to prove his disability during the elimination period.

13. Rankin timely appealed Prudential's adverse benefit determination. He explained why he was disabled during the elimination period:

> "...My phrenic nerve palsy has left me with only one useable lung. I have shortness of breath and have had every (sic) since 2007, when it was first discovered. Sleeping at night is not easy as I have to roll onto my left side to breathe. Any other position and I am out of breath very quickly, and must get out of bed and stand up to get oxygen. On the week of December 28-Jan 1, I had trouble with stoppage of breathing while I was asleep. This happened at least 20 times a night for 4 days before I was able to sleep again. This happens whenever I have a respiratory issue like a cold and my one good lung is not strong enough to push the air out. This was my worst time and I thought I was going to die in my sleep....

4

> .......
> My company requires that we must wear a mask at the heliport before flying offshore and also during the 1.5 hour flight offshore.  Once offshore all employees are are required to wear a mask all day long which we work at least 12 hours per day for 14 straight days.
>
> I cannot wear a face mask for more than 20 minutes with exertion, and my breathing is changed dramatically.  When I wear one to a store to buy food, there are times that I am out of breath when I reach my vehicle, simple (sic) from wearing the mast and pushing a cart through the parking lot.
>
> I have been seeing my doctor, Dr. Alprin, and he diagnosed me with COPD.  He has measured my 02 content below 90% while wearing a mask..."

Rankin provided a number of documents in support of his appeal.

14. Despite the clear evidence that Rankin was not able to return to work, Prudential denied Rankin's appeal by letter dated March 29, 2021.  In summary, Prudential again determined that Rankin was not disabled during the policy's elimination period.  Prudential advised Rankin that he could submit a second voluntary appeal or file suit under ERISA.  Rankin has chosen to file suit.

### Exhaustion of Appeal Requirements

15. Rankin exhausted the administrative appeal requirements of the policy by virtue of his timely appeal and therefore can bring this suit for benefits.

### Prudential's Decision to Terminate Benefits Was Contrary to the Preponderance of the Evidence Or Was an Abuse of Discretion

16. Even if there is language in the policy or plan-related documents that is interpreted to grant Prudential discretion to make benefit determinations under the policy, these discretionary provisions are unenforceable as to Rankin's claim

5

because it is a violation of Texas law to seek enforcement of a discretionary clause in a disability policy against an insured living in Texas. Texas Insurance Code, §1701.062, and 28 Texas Administrative Code §§3.1201-3.1203. This anti-discretionary statute and its accompanying regulations are not preempted by ERISA.

17.   In the unlikely event that Prudential is found to have retained its discretionary authority so that this matter is reviewed under an abuse of discretion standard of review, Prudential abused its discretion in denying Rankin LTD benefits.

18.   Since Prudential's decision to deny Rankin LTD benefits resulted in Prudential saving money, as the carrier is both the decision-maker and the underwriter of benefits, Prudential acted under a conflict of interest when it decided Rankin's claim and his appeal. If abuse of discretion is determined to be the proper standard of review, this conflict of interest should be considered as a factor by this Court in determining whether or not Prudential abused its discretion.

## IV.  CAUSE OF ACTION UNDER ERISA

### Claim for Disability Benefits

19.   Rankin seeks to recover his disability benefits from October 16, 2020 to the present, and additional LTD benefits while this suit is pending, under the authority of 29 U.S.C. §1132(a)(1)(B) of ERISA.

## V.   RELIEF REQUESTED

20.   Upon a finding of disability, the policy entitles Rankin to 60% of his pre-disability earnings.  Rankin's pre-disability earnings were approximately $120,733.60 annually.  Sixty percent of $120,733.60 is $72,440.16.  As a result, Rankin is entitled to LTD benefits in the amount of $6,036.68 per month, ($72,440.16/12) beginning October 16, 2020.   As of October 16, 2021, Rankin is entitled to the sum of $72,440.16 in back benefits ($6,036.68 x 12 months). Rankin requests these back benefits as well as additional monthly benefits that accrue after October 16, 2021 but during the pendency of this litigation at the rate of $6,036.68 per month.

## VI.  ATTORNEY'S FEES

21.  Rankin requests his attorney's fees and costs under 29 U.S.C.A. 1132(g).

## CONCLUSION

Wherefore, premises considered, Rankin requests back benefits in the amount of $72,440.16, plus monthly disability benefits that accrue after October 16, 2021 but while this case is pending at the rate of $6,036.68 per month.  He also requests his attorney's fees, for pre-judgment interest at the maximum rate allowed by law, post-judgment interest, and for such other and further relief, both at law and in equity, to which he may show himself to be justly entitled.

Respectfully Submitted,

**Law Office of Jeffrey E. Dahl**
The Commerce Building
314 E. Commerce, Suite 300
San Antonio, Texas  78205
(210) 527-0900 (Telephone)
(210) 527-0901 (Facsimile)
jdahl@erisaattorneyintexas.com

By*:   /s/ Jeffrey E. Dahl*
**Jeffrey E. Dahl**
**State Bar No. 05310900**
**Attorney for Plaintiff Charles Rankin**